IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 15-96 |
| | | Filed 3-12-15 |
| v. | : | Violations: |
| | | 18 U.S.C. § 1349 (conspiracy – 1 count) |
| MARC HUBBARD | | 18 U.S.C. §§ 1343 (wire fraud |
| HERBERT FRANKLIN GREEN | : | fraud - 7 counts) |
| | | 18 U.S.C. § 2 (aid and abet) |
| | : | Notice of forfeiture |

INDICTMENT

COUNT ONE

**FILED**
MAR 25 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

1. Defendant MARC HUBBARD was the president of Sports Dimensions, Inc. ("SDI"), a company that was incorporated on or about January 25, 2002 in North Carolina and on or about June 6, 2006 in Florida. SDI purported to specialize in the entertainment industry, specifically concert promotion and nightclub management.

2. Defendant MARC HUBBARD was the president of Castle Entertainment ("Castle"), a company that was incorporated on or about July 28, 2003 in South Carolina. Castle purported to specialize in nightclub management.

3. Defendant HERBERT FRANKLIN GREEN was formerly a lawyer at a law firm in Philadelphia, Pennsylvania, and in or about 2008, became a solo practitioner in Washington, D.C.

4       From in or about 2008 to in or about August 2010, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere defendants

**MARC HUBBARD**
**and**
**HERBERT FRANKLIN GREEN**

conspired and agreed, together and with others known and unknown to the grand jury, to commit wire fraud, that is, to devise and intend to devise a scheme to defraud investors and to obtain money and property by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Sections 1343 and 1349

## MANNER AND MEANS

It was part of the conspiracy that

5       Defendant MARC HUBBARD promoted himself and his company SDI as highly successful concert co-promoters for well-known music artists like Beyonce, Jay-Z, and Alicia Keys  SDI's Business Plan falsely represented approximately $14,277,068 in ticket sales from July 2006 to January 10, 2008.

6       Defendant MARC HUBBARD promised investors an approximate 25-30% return on their short-term investments with SDI.

7       Defendant HERBERT FRANKLIN GREEN was defendant MARC HUBBARD's attorney and negotiated or assisted in the negotiation of the contracts between defendant HUBBARD and his investors

8       In order to convince investors to invest with SDI, defendant MARC HUBBARD told investors that their funds were protected by a $10 million surety bond  The surety bond was offered as collateral on most of the investors' contracts  It was, however, a fraudulent document, and there was never a surety bond

9. To further reassure investors of their funds' security and to encourage greater investments defendant MARC HUBBARD provided them with fraudulent documentation of his own financial solvency as well as SDI and Castle s including but not limited to, bank account statements, personal tax returns, corporate tax returns copies of checks, and concert documents

10. Defendant HERBERT FRANKLIN GREEN also made false representations to investors at the direction of defendant MARC HUBBARD

11. Because defendant MARC HUBBARD was located in North Carolina, defendant HERBERT FRANKLIN GREEN was in Washington, DC, and the investors were in the Philadelphia, Pennsylvania area or elsewhere, communication among them was usually by telephone or email Defendants HUBBARD and GREEN usually forwarded fraudulent documentation to investors by email

12. Instead of using the investors' funds for concert promotions as defendant MARC HUBBARD represented almost all of their money was used to pay other earlier investors and to pay for defendant MARC HUBBARD's personal and business expenses, and for things other than the concerts that defendant HUBBARD was allegedly co-promoting

13. Defendant HERBERT FRANKLIN GREEN assisted defendant MARC HUBBARD in the unauthorized distribution of the investors' funds

14. In total investors gave defendant MARC HUBBARD approximately $2,125 000 to invest and only received approximately $326 500 in return Defendant MARC HUBBARD took at least $1,798,500 from his victims Of the $1,798 500, defendant HERBERT FRANKLIN GREEN took approximately $333,000

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants MARC HUBBARD and HERBERT FRANKLIN GREEN committed the following overt acts, among others, in the Eastern District of Pennsylvania

1. On or about February 4, 2008, Victim #1, an individual known to the Grand Jury, invested approximately $250,000 with defendant MARC HUBBARD to co-promote a series of concerts within 90 days for a return of $45,000. Defendant HERBERT FRANKLIN GREEN negotiated this contract on behalf of defendant HUBBARD and SDI, and its subsequent extension

2. On or about April 16, 2008, defendants MARC HUBBARD and HERBERT FRANKLIN GREEN met with Victim #1 in Philadelphia, Pennsylvania, to review SDI's Business Plan which represented an average return on investment exceeding 30%

3. On or about April 18, 2008, Victim #1 signed a co-promotion agreement and promissory note to lend defendant MARC HUBBARD $700,000 for a 25% return in 90 days to invest in three Alicia Keys concerts  Defendant HUBBARD offered the bogus $10 million surety bond as collateral

4. In or about June 2008, defendant MARC HUBBARD proposed that Victim #1 could be the lender to SDI on a master revolving credit line  Victim #1 requested due diligence documentation in order to consider defendant HUBBARD's proposal

5. On or about July 3, 2008, Victim #1 signed a 90-day co-promotion agreement and promissory note to lend defendant MARC HUBBARD $650,000 for a return of 25% in 90 days to invest in Lil Wayne concerts  Defendant HUBBARD offered the bogus $10 million surety bond as collateral

6      On or about August 2, 2008, as part of the requested due diligence documentation, defendant HERBERT FRANKLIN GREEN forwarded to Victim #1 a purported SDI tax return, which had never been filed and a fraudulent personal financial statement of defendant MARC HUBBARD

7      On or about August 5, 2008, as part of the requested due diligence documentation, defendant HERBERT FRANKLIN GREEN forwarded to Victim #1 defendant MARC HUBBARD's fraudulent personal tax returns and a fraudulent FinGen account statement

8      On or about August 6, 2008, as part of the requested due diligence documentation, defendant HERBERT FRANKLIN GREEN forwarded to Victim #1 an alleged current Prudential Life Insurance Policy for defendant MARC HUBBARD which had, in fact, lapsed

9      On or about August 14, 2008, Victim #1 entered into an agreement to lend defendant MARC HUBBARD $100,000 for a 25% return in 90 days to promote various concerts  Defendant HUBBARD offered the bogus $10 million surety bond as collateral

10     On or about August 22, 2008, as part of the requested due diligence documentation, defendant HERBERT FRANKLIN GREEN forwarded to Victim #1 an alleged email from International Underwriters purporting to confirm the $10 million surety bond  The bond was fraudulent and defendant MARC HUBBARD had created the fictitious email account and website for International Underwriters

11     On or about September 11, 2008, Victim #1 entered into an agreement to lend defendant MARC HUBBARD $100,000 for a 25% return in 60 days to promote various concerts  Defendant HUBBARD offered the bogus $10 million surety bond as collateral

12.    On or about September 19, 2008, as part of the requested due diligence documentation, defendant HERBERT FRANKLIN GREEN forwarded to Victim #1 a copy of a

fraudulent Royal Bank of Canada check, check no 102297666 dated June 24, 2008, in the amount of $1,975,000, purporting to represent the deposits on account for the Lil Wayne concerts. Defendant GREEN also forwarded to Victim #1 a copy of a fraudulent SunTrust Bank official check, check no 3730652505 dated May 11, 2006, as evidence of payment for the surety bond

13. On or about September 23, 2008, as part of the requested due diligence documentation, defendant HERBERT FRANKLIN GREEN forwarded to Victim #1 a fraudulent settlement sheet from the Back to School concert

14 On or about March 25, 2008, Victim #2, an individual known to the Grand Jury, entered into an agreement to lend defendant MARC HUBBARD $225,000 for a 15% return by June 25, 2008 to promote various concerts Defendant HUBBARD offered the bogus $10 million surety bond as collateral

15 On or about August 1, 2009, Victim #2 entered into an agreement to lend defendant MARC HUBBARD $30,000 for a 25% return by August 1, 2010 to promote various concerts Defendant HUBBARD offered the bogus $10 million surety bond as collateral

16. In or about September 2009, defendant MARC HUBBARD met with Victim #2 in North Carolina to discuss Victim #2's investments and to roll them into other concerts Defendant HUBBARD showed Victim #2 fraudulent personal bank account statements

17 On or about November 24, 2009, defendant MARC HUBBARD emailed Victim #2 a fraudulent Ticketmaster Audit report for an alleged R Kelly Concert at the Time Warner Arena on November 21, 2009

18 In or about March 2010, defendant MARC HUBBARD proposed that Victim #2 could be the lender to SDI on a master revolving credit line

19. On or about March 10, 2010, defendant MARC HUBBARD forwarded to Victim #2 by email, a copy of a fraudulent $10 million surety bond along with a contract for Victim #2 to sign for the master credit revolving line

20. On or about April 29, 2010, defendant HERBERT FRANKLIN GREEN fraudulently advised Victim #2 by email that the Internal Revenue Service had seized SDI funds.

21. On or about April 9, 2009, Victim #3, an individual know to the Grand Jury, entered into an agreement to lend defendant MARC HUBBARD $30,000 for a 15% return in 90 days to promote a Gucci Mane concert Defendant HUBBARD offered the bogus $10 million surety bond as collateral

22. On or about May 11, 2009, Victim #3 entered into an agreement to lend defendant MARC HUBBARD $100,000 for a 15% return in 90 days for an unspecified concert, although defendant HUBBARD advised her that it would be a Beyonce concert. Defendant HUBBARD offered the bogus $10 million surety bond as collateral

All in violation of Title 18, United States Code, Section 1349

## COUNTS TWO THROUGH EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

1  Paragraphs 1 through 3 and 5 through 14 and overt acts 1 through 22 of Count One are incorporated here

2  On or about each of the dates set forth below, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**MARC HUBBARD
and
HERBERT FRANKLIN GREEN**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| Two | March 14, 2010 | Defendant HUBBARD email to Victim #2 in Bethlehem, Pennsylvania advising among other things, "We made 121000 of profit of the last jayz show" |
| Three | March 14, 2010 | Defendant HUBBARD email to Victim #2 in Bethlehem, Pennsylvania requesting that he wire Victim #2 $10,000 instead of Victim #2 cashing check |
| Four | April 29, 2010 | Defendant GREEN email to Victim #2 in Bethlehem, Pennsylvania advising, "[W]e have been dealing with some major IRS issues on behalf of SDI" |
| Five | April 29, 2010 | Defendant GREEN email to Victim #2 in Bethlehem, Pennsylvania responding that he is "Still negotiating" with the IRS |
| Six | July 26, 2010 | Defendant HUBBARD email to Victim #1 in Doylestown, Pennsylvania advising that he won his lawsuit and will pay what he owes Victim #1 |
| Seven | July 26, 2010 | Defendant HUBBARD email to Victim #1 in Doylestown, Pennsylvania attaching fraudulent wire for Alicia Keys concert |

8

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| Eight | September 29, 2010 | Defendant GREEN email to Victim #2 in Bethlehem, Pennsylvania memorializing conference call on September 24, 2010 and addressing Victim #2's email from September 22, 2010 |

All in violation of Title 18, United States Code, Sections 1343, 1349, and 2

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1    As a result of the violations of Title 18, United States Code, Section 1343 and 1349 set forth in this indictment, defendants

**MARC HUBBARD
and
HERBERT FRANKLIN GREEN**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations including, but not limited to, the sum of $2,125,000.

    2    If any of the property subject to forfeiture, as a result of any act or omission of the defendants

    (a)    cannot be located upon the exercise of due diligence,

    (b)    has been transferred or sold to, or deposited with, a third party,

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value, or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY